IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KHA MINH DANG,

               Petitioner,

v.

THOMAS SHORT, Acting Warden, FCI Sheridan, and DEPARTMENT OF HOMELAND SECURITY,

               Respondents.

Case No. 3:15-cv-01870-MA

OPINION AND ORDER

KHA MINH DANG
Register Number 17049-111
Sheridan Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

    *Pro Se*

BILLY J. WILLIAMS
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Respondents

1 - OPINION AND ORDER

MARSH, Judge

Petitioner Kha Minh Dang, an inmate at the Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan"), brings this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2241. Petitioner alleges the detainer lodged by the United States Department of Homeland Security ("DHS") against him violates his protected liberty interest in Bureau of Prisons ("BOP") programming and requests that this case be transferred to an immigration court for resolution. For the reasons that follow, petitioner's petition for habeas corpus relief is dismissed for lack of jurisdiction, and his request for transfer is denied.

## BACKGROUND

On July 11, 2013, Petitioner was sentenced in the United States District Court for the Northern District of California to 151 months imprisonment for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Petitioner's projected release date is April 14, 2023.

Petitioner is a citizen and native of Vietnam. Petitioner was admitted to the United States as a refugee on March 28, 1990, in San Francisco, California. Decl. of Corey Heaton in Supp. of Resp. to 2241 Habeas Pet. ("Heaton Decl.") at 2, ECF No. 16. Petitioner adjusted his status to a lawful permanent resident on March 18, 1992, retroactive to March 28, 1990. *Id.*

On August 26, 2015, DHS Immigration Customs Enforcement ("ICE") issued a detainer to the BOP requesting that Petitioner be released to ICE custody when his sentence is complete. *Id.* Petitioner has not participated in immigration proceedings, and has not received a final order of removal. Petitioner has not been served with a warrant of arrest or charging document. Heaton Decl. at 2. According to ICE's standard practice, when Petitioner is released from BOP custody, ICE

will provide him with a Notice to Appear identifying the allegations and charges against him. Heaton Decl. at 3. ICE intends to charge Petitioner as removable due to his conviction of an "aggravated felony" crime involving the illicit trafficking of a controlled substance under 8 U.S.C. § 1101(a)(43)(B).

On October 15, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. Because Petitioner is proceeding *pro se*, the Court liberally construes the allegations in the petition. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*) (providing pleadings of *pro se* litigants must be given the benefit of the doubt). In the petition, Petitioner contends that he is "not deportable," and therefore, the ICE detainer "is unconstitutional because it violates a constitutionally 'protected liberty interest' that [Petitioner] obtains in programming under Title 18 U.S.C. §§ 3621(e)(2)(B) & 3624." Pet. for Writ of Habeas Corpus at 2, ECF No. 2. Petitioner contends that he has a "strong desire" to participate in the BOP's Residential Drug Abuse Treatment Program ("RDAP"), but that the ICE detainer automatically precludes his participation in that program. According to Petitioner, his automatic exclusion from the RDAP program violates his protected liberty interest, and he seeks removal of the detainer.

In his Reply, Petitioner argues that this case should be transferred to an immigration court to enable him to plead guilty to his potential deportation. Pet'r's Reply at 2. Petitioner admits that his underlying convictions qualify as aggravated felonies under 8 U.S.C. § 1101(a)(43), and that therefore, he is now subject to removal proceedings pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Heaton Decl. at 2; Pet'r's Reply Br. at 2, ECF No. 18; Pet'r's Notice of Waiver at 2, ECF No. 19. However, Petitioner contends that he should not have to wait until he completes his sentence to challenge the ICE detainer. Petitioner indicates that he is willing to plead guilty to the immigration

3 - OPINION AND ORDER

charges and seeks to resolve his ICE detainer so that he can then become eligible to participate in "drug treatment from the Bureau of Prisons." *Id.*

Respondents contend that habeas relief should be denied because: (1) this court lacks jurisdiction to entertain a challenge to an immigration detainer in a § 2241 habeas action, and (2) Petitioner does not have a protected liberty interest in BOP programs, such as RDAP.

## DISCUSSION

### I. The Court Lacks Jurisdiction to Hear Petitioner's Habeas Claim

Federal habeas corpus jurisdiction is limited to petitions from persons who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The "in custody" requirement is jurisdictional. *Wilson v. Belleque*, 554 F.3d 816, 821 (9th Cir. 2009) ("The text of the statute makes clear, and the Supreme Court has confirmed, that 'custody' is a jurisdictional prerequisite to habeas review under § 2241(c)(3).") (citing *Hensley v. Mun. Court, San Jose Milpita Judicial Dist.*, 411 U.S. 345, 351 (1973)). The Supreme Court has interpreted the statutory language to mean "in custody" pursuant to the conviction or sentence under attack. *Maleng*, 490 U.S. at 490-91.

An immigration detainer is a request to a law enforcement agency or prison to notify DHS before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings. 8 C.F.R. § 287.7; *McLean v. Crabtree*, 173 F.3d 1176, 1185 n.12 (9th Cir. 1999). As the Ninth Circuit has explained, "'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995) (quoting *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) (superseded by statute on other grounds, as recognized in *Campos*)); *accord Zolicoffer v. United*

*States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (collecting cases, including *Campos*, and agreeing that absent an order of removal, "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them"). In short, a detainer is a notification that a removal decision will be made at some future date. *Campos*, 62 F.3d at 313-14; *Camarena v. Slade*, 107 F.App'x 821, 822 (9th Cir. 2004) (holding INS detainer letter did not place prisoner in INS custody; district court lacked jurisdiction to hear petitioner's challenge to detainer).

In this action, as Respondents correctly indicate, immigration charges have not been filed, and petitioner presently is not subject to a final removal order. Heaton Decl. at 2. Thus, petitioner is not in ICE custody, but rather is "in custody" pursuant to his underlying federal criminal conviction.[1] Therefore, because petitioner is not in ICE custody and he is not challenging the conviction for which he is currently incarcerated, this Court lacks jurisdiction to hear Petitioner's habeas claim challenging the detainer.

With respect to petitioner's assertion that he is "not deportable," and that DHS cannot remove him because the United States lacks a deportation treaty with Vietnam, this claim is not cognizable in a habeas corpus action. In essence, Petitioner asserts that DHS lacks the authority to deport him in the future and therefore, the current detainer should be removed. This court, however, has very limited jurisdiction to review ICE orders and actions. *See* 8 U.S.C. § 1252(g). To be sure, as § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas

---

[1] In *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir.1995), the Ninth Circuit suggested that habeas corpus jurisdiction may exist for aliens subject to a final order of deportation. However, *Nakaranurack* is inapplicable to Petitioner's case because no final removal order has been entered.

5 - OPINION AND ORDER

> corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by
> or on behalf of any alien arising from the decision or action by the Attorney General
> to commence proceedings, adjudicate cases, or execute removal orders against any
> alien under this chapter.

8 U.S.C. § 1252(g). The language of this statute prevents this court from hearing challenges, like those brought by Petitioner, to the government's decision to commence immigration proceedings. *See Reno v. American Arab Anti-discrimination Comm.*, 525 U.S. 471, 478, 483 (1999) (interpreting § 1252(g) to conclude that there is no judicial review of ICE's determination to commence immigration proceedings); *see also Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) (court lacks jurisdiction pursuant to § 1252(g) to adjudicate claims based on the Attorney General's decision not only "whether to commence, but also *when* to commence, a [removal] proceeding") (emphasis in original); *see also Martinez v. Mukasey*, 263 F. App'x 648 (9th Cir. 2008) (holding prisoner could not challenge detainer through habeas action, and that § 1252 prevents consideration of future final removal orders).

Additionally, other district courts within the Ninth Circuit have concluded that § 1252(g) strips this court of jurisdiction to hear a petitioner's habeas claim challenging ICE's lodging of a detainer. *Bone v. Holder*, No. 1:14-cv-01747-JLT (HC), 2015 WL 2345545, *3 (E.D. Cal. May 14, 2015) (holding § 1252(g) precludes habeas claim to challenge ICE detainer absent final removal order); *Duc v. United States*, No. CV 14-1273 SS, 2014 WL 4273252, *3 (C.D. Cal. Aug. 28, 2014) (holding court lacked jurisdiction to hear § 2241 habeas claim of federal prisoner who was a lawful permanent resident from Vietnam that he was not deportable and DHS detainer was unlawful); *Kasiram v. Holder*, No. 1:13-cv-01284-JLT, 2013 WL 4500582, *2 (E.D. Cal. Aug. 22, 2013)

(holding district court lacked jurisdiction to review petitioner's challenge to detainer, noting court did not have authority to compel ICE to hold removal hearing).

Alternatively, Petitioner contends that the interests of justice require that his case be transferred to an immigration court pursuant to 28 U.S.C. § 1631. In his Reply, Petitioner requests that his case be transferred should this Court conclude it lacks jurisdiction to resolve his challenges to the detainer.

Section 1631 provides that if there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" 28 U.S.C. § 1631. As the Ninth Circuit has outlined, a transfer is appropriate if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice. *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006). Petitioner has not, however, identified a transferee court with jurisdiction over his § 2241 action at the time it was filed. *See Trejo-Mejia v. Holder*, 593 F.3d 913, 914-15 (9th Cir. 2010) (noting that circuit court of appeals has jurisdiction over appeals from orders of removal under 8 U.S.C. § 1252). As noted above, no immigration charges are pending and petitioner is not subject to a final order of removal. Because the criteria for transferring Petitioner's case are not satisfied, petitioner's request is denied.

In sum, this court lacks jurisdiction to hear petitioner's challenge to the ICE detainer, and his request to transfer this action is denied. Accordingly, petitioner's challenge to ICE's detainer is not cognizable under § 2241 and must be dismissed.

## II.     This Court Lacks Jurisdiction to Hear Petitioner's Individualized RDAP Claim

To the extent that petitioner challenges an individualized determination to exclude him from RDAP participation, this court lacks jurisdiction. The Ninth Circuit has explicitly stated that this court lacks jurisdiction to revisit the BOP's individualized determinations pertaining to RDAP placements under 18 U.S.C. §§ 3621 and 3624. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) ("federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621"). Petitioner does not explain why the detainer makes him ineligible for RDAP, and has not demonstrated that he has applied to participate in the RDAP program and been refused. To the contrary, information submitted by Respondents shows that Petitioner has not applied for RDAP participation. Declaration of Brian Russel ("Russel Decl.") at 3, ECF No. 17. Therefore, to the extent Petitioner challenges an individualized decision to exclude him from participating in RDAP, the court lacks jurisdiction to hear his claim. *Reeb*, 636 F. at 1228; *Duc*, 2014 WL 4273252 at *4.

Finally, to the extent that Petitioner contends that his exclusion from RDAP violates his federally protected liberty interests, his suggested due process and equal protection claims necessarily fail. *See* 28 U.S.C. § 2241(c)(3); *Abbott v. Federal Bureau of Prisons*, 771 F.3d 512, 514 (9th Cir. 2014) (concluding that district court retains jurisdiction to hear categorical challenges to BOP action that violates the constitution, is contrary to federal law, or exceeds its statutory authority); *Reeb*, 636 F.3d at 1228 (noting that district court has jurisdiction to hear allegations that BOP action is contrary to federal law or violates the constitution). It is well-settled that prisoners do not have a protected liberty interest in either RDAP participation or in the potential discretionary early release benefit. *Reeb*, 636 F.3d at 1229 n. 4 (rejecting prisoner's due process claim because

8 - OPINION AND ORDER

"inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit"); *see also Moody v. Daggett*, 429 U.S. 78, 88 (1976) (holding parole violation detainer did not deprive prisoner of federally protected liberty interest); *Jacks v. Crabtree*, 114 F.3d 983, 986 n. 4 (9th Cir. 1997) (18 U.S.C. § 3621(e)(2)(B) does not create a protected liberty interest in a one-year sentence reduction.). Additionally, Petitioner has not shown any facts establishing that he has been treated differently from others similarly situated, and therefore, his equal protection claim is without merit. *McLean*, 173 F.3d at 1185 (finding that an equal protection violation requires the petitioner to show that similarly situated people are being treated differently). Moreover, the Ninth Circuit has concluded that the BOP may categorically exclude prisoners with detainers from participating in RDAP. *Id.* at 1185-86; *accord Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012) (rejecting equal protection challenge to BOP's exclusion of prisoner's with ICE detainers from drug rehabilitation and halfway house programming); *see also Peck v. Thomas*, 697 F.3d 767, 772-74 (9th Cir. 2012) (holding categorical exclusion of inmates with firearms possession convictions from RDAP sentence reductions was valid exercise of BOP discretion).

In sum, this court lacks jurisdiction to hear Petitioner's challenge to the ICE detainer and the BOP's individualized determination about his RDAP eligibility. To the extent petitioner contends the BOP's actions violate his protected liberty interests, his claims are denied.

////

////

////

////

## CONCLUSION

For the reasons stated above, this court lacks jurisdiction to resolve Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) and this action is DISMISSED. Petitioner's request to transfer the case is DENIED. Alternatively, petitioner's Petition for Writ of Habeas Corpus is DENIED. Any pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 16 day of MARCH, 2016.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge